O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID MICHAEL SAHAKIAN,

           Movant,

  v.

UNITED STATES OF
AMERICA,

           Respondent.
_____

Case Nos. EDCV 12-01221-VAP
        **EDCR 02-00938-VAP**

**ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255**

## I. SUMMARY OF PROCEEDINGS

On July 23, 2012, David Michael Sahakian ("Movant") filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("Motion" or "Mot." (Doc. Nos. 1 [Civ.], 6968 [Crim.])).[1]  On August 8, 2012, Respondent filed its Opposition to the Motion (Doc. No. 6969 [Crim.]).

---

[1]  Many of the documents filed in connection with this motion appear only on the docket in the underlying criminal case, ED CR 02-00938 VAP.  Citations to [Civ.] indicate documents on the docket for the Motion. Citations to [Crim.] indicate documents on the docket for the underlying criminal case.

## II.   BACKGROUND FACTS

After a jury trial, Movant was found guilty of one count of RICO Conspiracy (18 U.S.C § 1962(d)).  (Doc. Nos. 6671 [Crim.]; 6764 [Crim.])  On April 20, 2009, the Court sentenced him to a 240-month term of imprisonment, along with an 3 year period of supervised release (J. & Commitment Order (Doc. No. 6764 [Crim.]).)

Movant filed a notice of appeal of his conviction and sentence to Ninth Circuit Court of Appeals on April 28, 2009.  (Doc. No. 6765 [Crim.].)  The Court of Appeals affirmed the District Court's judgment and issued its mandate on August 9, 2011.  (<u>See</u> Doc. No. 6949 [Crim.].)

## III.   DISCUSSION

Section 2255 authorizes the Court to "vacate, set aside or correct" a sentence of a federal prisoner that "was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  Claims for relief under § 2255 must be based on some constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure."  <u>United States v. Timmreck</u>, 441 U.S. 780, 783-84 (1979).  If the record clearly indicates that a movant does not have a claim or that he has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a §

2255 motion without an evidentiary hearing. <u>United States</u>
<u>v. Quan</u>, 789 F.2d 711, 715 (9th Cir. 1986); <u>see also</u>
<u>United States v. Chacon-Palomares</u>, 208 F.3d 1157, 1159
(9th Cir. 2000) ("When a prisoner files a § 2255 motion,
the district court must grant an evidentiary hearing
'[u]nless the motion and the files and records of the
case conclusively show that the prisoner is entitled to
no relief.'" (quoting 28 U.S.C. § 2255)).

**A.   Grounds for Relief**

Movant raises the following grounds for relief:

1.   the Court's finding that Movant was a career
     offender was improper because the jury did not
     specifically find that Movant had committed the
     predicate act upon which the career offender
     finding was made, in violation of <u>Apprendi v.</u>
     <u>New Jersey</u>, 530 U.S. 466 (2000) (Mot. at 3-4);

2.   the RICO conspiracy statute is overbroad because
     it punishes mere thoughts and not overt acts
     (Mot. at 5);

3.   the Court erred by admitting evidence that he
     was involved in a plot to bomb a California
     State Prison, because that evidence was false
     and the Government knew it was false (Mot.
     at 6);

4.   his trial counsel's failure to call witnesses to
     rebut evidence regarding the bomb plot resulted

1    in the necessity to testify on his own behalf
2    (Mot. at 7); and

3   5.   the Court's use of a 1995 drug conviction as a
4        basis for a finding that he was a career
5        offender violated the statute of limitations; he
6        did not know this until the Court of Appeals
7        held that this argument had been waived because
8        it was not brought up at trial (Mot at 8).

**B.   Procedural Bars**

At the outset, the Court notes that two of Movant's grounds for relief are procedurally barred because they were previously raised and rejected on direct appeal. Moreover, two of Movant's three remaining grounds for relief are procedurally defaulted because they could have been raised on direct appeal but were not.

**1.   Grounds One and Five Are Procedurally Barred Because They Were Raised and Rejected on Direct Appeal**

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000); see also United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979). This "law of the case" doctrine only applies where the issue in

question was "decided explicitly or by necessary
implication in [the] previous disposition." United
States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir.
2000)(alteration in original)(quoting Liberty Mutual Ins.
Co. v. EEOC, 691 F.2d 438, 441 (9th Cir. 1982)).  "A
collateral attack is the 'same case' as the direct appeal
proceedings for purposes of the law of the case
doctrine." United States v. Jingles, 702 F.3d 494, 500
(9th Cir. 2012) cert. denied, 133 S. Ct. 1650,
(2013)(citing Odom v. United States, 455 F.2d 159, 160
(9th Cir. 1972)).

The Court may only depart from the law of the case
doctrine where: "1) the first decision was clearly
erroneous; 2) an intervening change in the law has
occurred; 3) the evidence on remand is substantially
different; 4) other changed circumstances exist; or 5) a
manifest injustice would otherwise result." United
States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).

Movant alleges that none of the grounds for relief
were raised on direct appeal.  (See, e.g., Mot. at 4
(Ground One), 8 (Ground Five).)  He is incorrect.  Ground
One claims that the Court's finding Movant was a career
offender was in violation of the Supreme Court's holding
in Apprendi v. New Jersey, 530 U.S. 466 (2000)(as cited
by Southern Union Co. v. United States, 132 S. Ct. 2344

(2012)), because the jury did not return a special
verdict finding he had committed the predicate act of
drug distribution.  (Mot. at 4.)  As there was evidence
that Movant participated aspects of the conspiracy that
would not subject him to a career offender enhancement,
for example, gambling and passing notes, Movant argues
that it was inappropriate for the Court to use the
allegation that he trafficked drugs in 1995 to support a
finding that he was a career offender.  (Id.)

        To the extent Movant makes this argument, it is
barred because Movant previously made this argument on
appeal.  See United States v. Sahakian, 446 F. Appx. 861,
862 (9th Cir. 2011) ("Sahakian argues that the district
court could not sentence him based on a finding of drug
distribution when there was no special verdict form and
there was evidence that would have warranted a lesser
penalty.").

        Similarly, Ground Five claims that the Court erred in
even considering the 1995 drug distribution allegation in
its finding that Movant was a career offender because
those allegations were outside the statute of
limitations.  (Mot. at 8.)  Again, this argument is
substantially the same as the argument Movant previously
made on direct appeal.  See Sahakian, 446 F. Appx. at 862
("By not raising to the district court his claim that the

1   five-year statute of limitations imposed by 18 U.S.C.

2   § 3282 barred his RICO conspiracy conviction, Sahakian

3   has waived that argument.").

4

5       Thus, despite Movant's attempts to re-frame these

6   claims as unconsidered on direct appeal, Grounds One and

7   Five are the same as those that were presented to and

8   rejected by the Ninth Circuit.  Movant also has made no

9   attempt to show why the Court should depart from the law

10  of the case doctrine to disregard the procedural bar.

11  Thus, because these claims were previously raised on

12  direct appeal, the Court finds that they are procedurally

13  barred.

14

15      **2.   Grounds Two and Three Are Procedurally Defaulted**

16          **Because They Were Not Raised on Direct Appeal**

17      Generally, claims not rased on direct appeal may not

18  be raised in a motion pursuant to § 2255 unless the

19  petitioner shows cause and prejudice, "actual innocence,"

20  or if the claim is related to an ineffective assistance

21  of counsel claim.  Massaro v. United States, 538 U.S.

22  500, 504 (2003); see also Bousley v. United States, 523

23  U.S. 614, 621-622 (1998).

24

25      Movant concedes that Grounds Two and Three were not

26  raised on direct appeal.  (Mot. at 5 (Ground Two), 6

27  (Ground Three).)  Movant has not alleged, much less

28

                                7

shown, any cause and prejudice, nor does he claim that his counsel was ineffective as to those claims. Therefore, because Movant had the opportunity to raise these claims on direct appeal but did not, Grounds Two and Three are procedurally defaulted, and the Motion must be denied as to these claims.

**B.   All of Movant's Grounds for Relief Are Without Merit**

Not only are four of Movant's five claims procedurally barred, all of the claims in the Motion are without merit.  The Court will address each of Movant's grounds for relief in turn.

**1.   The Jury Was Not Required to Indicate What Predicate Acts Formed the Basis of Its Verdict for RICO Conspiracy**

As his first ground for relief, Movant argues that because the jury did not return a special verdict specifically finding that Movant was guilty of conspiracy because he had distributed drugs, the Court erred when it used the drug distribution allegation to sentence him as a career offender, in violation of the Supreme Court's holding in Apprendi v. New Jersey, as cited by Southern Union Co. v. United States.

To the extent Movant seeks to renew the argument that his sentence was contrary to <u>Apprendi</u>, that contention was considered and rejected by the Ninth Circuit because Movant was sentenced within the statutory maximum. <u>Sahakian</u>, 446 F. Appx. at 862.

Movant appears to contend that the Supreme Court's holding in <u>Southern Union Co. v. United States</u>, 132 S. Ct. 2344 (2012), now dictates a different result. (Mot. at 4.) This argument lacks merit as well; nothing in <u>Southern Union</u> dictates a different result here. In <u>Southern Union</u>, the Supreme Court stated "[t]he Sixth Amendment reserves to juries the determination of any fact, other than the fact of a prior conviction, that increases a criminal defendant's maximum potential sentence." <u>Southern Union</u>, 132 S. Ct. at 2348 (citing <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000)).

As Respondent points out, however, <u>Southern Union</u> merely extended the right to a jury determination in the case of serious criminal fines. (Opp'n at 6-7.) As Movant was sentenced to prison and fines were not at issue here, <u>Southern Union</u> is inapposite. Furthermore, as there was no increase in Movant's maximum potential

sentence, Movant is not entitled to relief on his claim that his sentence violated <u>Apprendi</u>.  Accordingly, Movant is not entitled to relief on Ground One.

### 2.   Movant's Claim that the RICO Conspiracy Statute Is Overbroad Is Without Merit

In his second ground for relief, Movant argues that the statute he was convicted under, the RICO conspiracy statute, is overbroad because it criminalizes mere thoughts and not overt acts.  (Mot. at 5.)

To be convicted under a conspiracy statute such as 18 U.S.C. § 1962(d), the conspirator "must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense."  <u>Salinas v. United States</u>, 522 U.S. 52, 65 (1997).  "[I]t suffices [under § 1962(d)] that [the conspirator] adopt the goal of furthering or facilitating the criminal endeavor."  <u>Id.</u>  A conspirator need not commit the substantive criminal offense in order to be guilty of a RICO conspiracy; it is sufficient that the conspirator "knew about and agreed to facilitate the scheme."  <u>United States v. Fiander,</u> 547 F.3d 1036, 1041 (9th Cir. 2008) (citing <u>Salinas</u>, 522 U.S. at 66).

1    <u>Salinas</u> forecloses the argument that an overt act is
2  required to be convicted of a RICO conspiracy.  In that
3  case, the Supreme Court held "[t]here is no requirement
4  of some overt act or specific act in [§ 1962(d)], unlike
5  the general conspiracy provision applicable to federal
6  crimes, which requires that at least one of the
7  conspirators have committed an 'act to effect the object
8  of the conspiracy.'"  <u>Salinas</u>, 522 U.S. at 63 (internal
9  citation omitted).  Thus, when contemplating a RICO
10  conspiracy charge the jury "need not specify the
11  predicate racketeering acts that the defendant agreed
12  would be committed." <u>United States v. Randall</u>, 661 F.3d
13  1291, 1297 (10th Cir. 2011).  Therefore, to the extent
14  Movant argues that the jury was required to find that he
15  had committed a specific, overt act in order to convict
16  him under § 1962(d), his claim is without merit.

18    Furthermore, to the extent Movant claims the RICO
19  conspiracy statute is unconstitutional, that claim is
20  similarly meritless, given the Supreme Court's approval
21  of § 1962(d) as discussed above.  In any case, numerous
22  courts have upheld the constitutionality of the RICO
23  statute.  <u>United States v. DeRosa</u>, 670 F.2d 889, 895 (9th
24  Cir. 1982)("[Claims that RICO is unconstitutional have]
25  been rejected not only by this circuit, but also by every
26  other circuit that has considered it.  It merits no
27  further discussion."); <u>see also</u>, <u>United States v.</u>

1  <u>Dischner</u>, 974 F.2d 1502, 1508, (9th Cir. 1992)

2  (collecting cases) <u>overruled on other grounds by United</u>

3  <u>States v. Morales</u>, 108 F.3d 1035 n.1 (9th Cir. 1997) (en

4  banc).  Accordingly, Movant is not entitled to relief on

5  Ground Two.

6

7       **3.   Movant Is Not Entitled to Relief on His Claim**

8            **That Perjured Testimony Was Used to Convict Him**

9       Movant's third ground for relief claims that he was

10 convicted using perjured testimony, the falsity of which

11 was known to the Government at the time.  (Mot. at 6.)

12 Though Movant frames this issue as a governmental use of

13 perjured testimony, that formulation overstates the

14 nature of this claim.  The true nature of this claim, as

15 noted by Respondent, is a complaint by Movant that a

16 conflict in the evidence was resolved against him by the

17 jury.  (Opp'n at 8.)

18

19      Movant claims the Government knowingly proffered

20 perjurious testimony regarding his involvement in a plot

21 to bomb a California State Prison.  (Mot. at 6.)

22 According to Movant, there was no evidence of his

23 involvement in the plot in his "central file," but the

24 Government introduced this evidence through the use of a

25 witness, Healy.  (<u>Id.</u>)

26

27

28

It is well-settled that the Government may not knowingly use false evidence to obtain a criminal conviction.  Hayes v. Brown, 399 F.3d 972, 978 (9th Cir. 2005) (citing Napue v. Illinois, 360 U.S. 264, 269 (1959)).  "Indeed, if it is established that the government knowingly permitted the introduction of false testimony reversal is 'virtually automatic.'"  Hayes, 399 F.3d at 978 (quoting United States v. Wallach, 935 F.2d 445, 456 (2d Cir. 1991)(citation omitted)).

To prevail on a claim that the Government used false evidence to obtain a conviction, Movant must show "that (1)the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) that the false testimony was material."  United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003)(citing Napue, 360 U.S. at 269-71).

Movant falls well short of meeting this burden.  The only evidence Movant proffers is his bare assertion that he was not involved with the bomb plot, and that Healy's testimony to the contrary was perjurious.  (Mot. at 6.) Movant does not supply or point to any evidence indicating that Healy's testimony was false, much less that the Government proffered Healy's testimony knowing it was false.  Such bare allegations "fall far short of

showing that the witnesses in question perjured
themselves, much less that the government knowingly
allowed them to do so." United States v. Casas, 425 F.3d
23, 45 (1st Cir. 2005).

The Court agrees with Respondent's characterization
of this claim, namely, that Movant merely points to a
conflict in the evidence as his sole basis for relief.
It is the province of the jury to "resolve conflicts in
the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate
facts." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
Here, the jury resolved a conflict in the testimony
against Movant; the jury's resolution of conflict in
testimony against Movant is not a ground for relief.
Accordingly, Movant is not entitled to relief on Ground
Three.

**4.   To the Extent Ground Four States a Claim for
         Relief, It Is Meritless**

As his fourth claim for relief, Movant argues that he
was forced to take the stand to rebut Healy's testimony
because his attorney refused to call two rebuttal
witnesses, Michael McElhany and Mark Nyquist.  (Mot.
at 7.)  It is unclear if Movant's fourth ground states a
claim for relief at all.

1    Construing the claim liberally, it appears Movant is
2  asserting that his trial counsel was ineffective for
3  refusing to call McElhany and Nyquist to rebut Healy's
4  testimony.  As the Court construes this claim as one
5  alleging ineffective assistance of counsel, it is not
6  procedurally barred for failure to raise it on direct
7  appeal.  <u>See</u> <u>Massaro</u>, 538 U.S. at 504 (2003).  To the
8  extent Movant makes this argument, however, the Court
9  finds that it is meritless.

10

11    To establish ineffective assistance of counsel,
12  Movant must prove (1) "counsel's representation fell
13  below an objective standard of reasonableness," and (2)
14  there is a reasonable probability that, but for counsel's
15  errors, the result of the proceeding would have been
16  different.  <u>Strickland v. Washington</u>, 466 U.S. 688, 694
17  (1984).  "A reasonable probability is a probability
18  sufficient to undermine confidence in the outcome."  <u>Id.</u>
19  at 694.  Under the second component, Petitioner must
20  demonstrate his attorney's errors rendered the result
21  unreliable or the proceedings fundamentally unfair.
22  <u>Fretwell v. Lockhart</u>, 506 U.S. 364, 372 (1993);
23  <u>Strickland</u>, 466 U.S. at 694.

24

25    A claim of ineffective assistance of counsel requires
26  proof of both of these elements.  "[A] court need not
27  determine whether counsel's performance was deficient

28

before examining the prejudice suffered by the
defendant. . . .  If it is easier to dispose of an
ineffectiveness claim on the ground of lack of sufficient
prejudice . . . that course should be followed."
<u>Strickland</u>, 466 U.S. at 697.

Conclusory allegations not supported by specifics do
not warrant relief on ineffective assistance of counsel
claims.  <u>James v. Borg</u>, 24 F.3d 20, 26 (9th Cir. 1994).
The relevant inquiry is not what counsel could have
pursued but whether the choices that were made were
reasonable.  <u>Turner v. Calderon</u>, 281 F.3d 851, 877 (9th
Cir. 2002). The standard of review "must be highly
deferential" and must include "a strong presumption that
counsel's conduct falls within a wide range of reasonable
professional assistance."  <u>Strickland</u>, 466 U.S. at 689-
90.

Movant must also show he suffered prejudice under the
"reasonable probability of a different outcome" test.
<u>Strickland</u>, 466 U.S. at 687-94.  The prejudice
must be such that it "so undermined the proper
functioning of the adversarial process that the trial
cannot be relied on as having produced a just result."
<u>Id.</u> at 686.

Movant does not meet the burden of proving ineffective assistance of counsel under <u>Strickland</u>. Though Movant takes umbrage with his trial counsel's refusal to call McElhany and Nyquist, he does not allege that this decision fell short of an "objective standard of reasonableness."  This alone is fatal to Movant's ineffective assistance of counsel claim.

Additionally, Movant's only allegation of prejudice is that he was forced to testify on his own behalf to rebut the Government's evidence of his involvement in Aryan Brotherhood conspiracies.  Movant provides no evidence or support as to why his testimony caused him prejudice.  Rather, movant only claims that the testimony of McElhany and Nyquist may have rebutted two claims: (1) that Movant was involved in a plot to bomb a California State Prison and (2) Movant's involvement in conspiracy to murder a black inmate.  (<u>See</u> Mot. at 7; Opp'n at 11.) As noted by Respondent, the evidence proffered by the Government at trial regarding Movant's involvement in crimes committed by the Aryan Brotherhood consisted of much more than those two incidents, however.  The Government presented evidence of Movant's involvement in "murder, two attempts, two conspiracies, and a drug distribution conspiracy." (Opp'n at 12.)  Therefore, even if McElhany and Nyquist had rebutted some evidence of Movant's involvement, there was still a wealth of

other evidence connecting Movant to crimes committed by
the Aryan Brotherhood.

Movant has not proven that any alleged prejudice from
his testimony in combination with his trial counsel's
refusal to call McElhany and Nyquist would have resulted
in a "reasonable probability of a different outcome."
Accordingly, Movant is not entitled to relief on Ground
Four.

### 5.    Movant Is Not Entitled to Relief on His Claim That the Court Relied Upon Information Outside the Statute of Limitations at Sentencing

Finally, Movant claims that it was error for the
Court to sentence him as a career offender because the
crime relied upon by the Court to make that finding was
outside the statute of limitations. (Mot. at 8.)
Further, Movant also claims that his trial counsel failed
to object to the finding that Movant was a career
offender, thereby waiving what might have been a
meritorious argument on appeal. (Id.; see also,
Sahakian, 446 F. Appx. at 863.) The Court will construe
the second aspect of this claim as an allegation of
ineffective assistance of counsel. The Court finds that
nether aspect of this claim entitles Movant to relief.

18

As discussed above, in order to prove that his counsel was ineffective, Movant must show that his trial counsel's performance fell short of an "objective standard of reasonableness" and that the deficient performance was prejudicial to Movant's defense. Strickland, 466 at 694.  When considering trial counsel's performance in this context, failure to make a futile objection or motion does not amount to ineffective assistance of counsel.  Brown v. Anderson, 164 F.3d 629, at *11 (9th Cir. 1998) (unpublished) (citing James, 24 F.3d at 27).  As discussed below, any objection to the Court's consideration of these allegations as being outside the statute of limitations would have been meritless; hence, his counsel's performance was not deficient, and therefore Movant is not entitled to relief on his ineffective assistance of counsel claim.

The thrust of Movant's argument is that he was found to be a career offender based upon an allegation that he distributed drugs at the United States Penitentiary in Leavenworth, Kansas, in 1995, which was outside the statute of limitations.  (Mot. at 8.)  Under 18 U.S.C. § 3282, the statute of limitations for non-capital federal offenses is five years.  See 18 U.S.C. § 3282. Thus, according to Movant, an allegation that he distributed drugs in 1995 was barred by the statute of

limitations, as the indictment in this case was not
returned until 2002. (Mot. at 8.) Movant is incorrect.

First, was no indication that the jury relied solely
upon the 1995 drug allegation as evidence of Movant's
involvement in the RICO conspiracy. As discussed above,
the record indicates that Movant was involved in other
criminal activies well after 1995, any of which could
have supported the jury's verdict. (See Opp'n at 8, 15-
17.)

Moreover, the indictment accused Movant of
participating in an ongoing conspiracy of racketeering
activity "from a date unknown to the Grand Jury and
continuing to at least July 25, 2002." (First
Superseding Indictment (Doc. No. 2295 [Crim.]) at 41.)
RICO conspiracy is an ongoing crime. As stated by the
Second Circuit:

> A particular defendant need not commit or agree
> to commit a racketeering act within the five
> year limitations period. Instead, as with other
> conspiracies, the crime of RICO conspiracy is
> not complete until the purposes of the
> conspiracy have been accomplished or abandoned,
> and the government need only prove that the
> conspiracy continued to within five years of the
> indictment.

1  United States v. Rastelli, 870 F.2d 822, 838 (2d Cir.
2  1989).

3

4      In the opinion on Movant's direct appeal, the Ninth
5  Circuit made a similar note:

6      We do not suggest that Sahakian's cessation of
7      this particular activity [i.e., the Levenworth
8      drug distribution allegations] makes any
9      difference in the outcome.  He points to nothing
10     in the record to show that the RICO conspiracy
11     of which he was convicted was completed or
12     abandoned over five years before he was
13     indicted.  The indictment charged that it
14     continued to 2002, and there is substantial
15     evidence that he was involved in the conspiracy
16     well past 1995.
17  Sahakian, 446 F. Appx. at 863 n.3.

18

19     Movant was accused of participating in an ongoing
20  racketeering conspiracy that persisted until at least
21  within a month of the return of the Indictment on August
22  28, 2002.  (Indictment (Doc. No. 1 [Crim.]) at 1.)  Thus,
23  to the extent they were considered by the Court, the 1995
24  drug allegations were properly considered and not outside
25  of the statute of limitations.  As an objection to the
26  consideration of such evidence would have been futile,
27  Movant's trial counsel did not err by not objecting.

28

                              21

1    Accordingly, Movant is not entitled to relief on Ground
2    Five.
3
4                    **IV.   CONCLUSION**
5         Movant has not shown he is entitled to relief on any
6    of the grounds raised in his Motion.  Hence, the Court
7    DENIES the Motion and orders this action dismissed with
8    prejudice.
9
10
11
12   Dated:   <u>August 23, 2013</u>
                                        VIRGINIA A. PHILLIPS
13                                  United States District Judge
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28